■    In the Matter of SIDNEY CROEN, Respondent, against ANTHONY J. Bosco et al., as Commissioners of Election of the County of Putnam, Respondents. JULIUS J. MANSON et al., Appellants.— On appeal by appellants Julius J. Manson, Harvey A. Tave, Winston Dancis, Irving S. Hollander and Christian F. Kupatt, order, insofar as it directs that the names of said appellants be struck from the register of qualified voters, reversed on the law and the facts, without costs, and as to said appellants, application denied. Findings of fact insofar as they may be inconsistent herewith are reversed and new findings are made as indicated herein. These appellants maintained residences in New York City and in Putnam County and spent considerable time at each residence. Appellant Kupatt had owned and occupied a home in Putnam County for 27 years and had voted from that residence for 26 years. He is chairman of the board of standards and appeals of the Town of Putnam Valley and has been a member of that board for about 8 years. He was a member of the original zoning board of the town. Appellant Tave has voted in Putnam County for at least 4 years last past and has occupied a home owned by his wife in that county for 7 years. He is a member of the town planning board. Appellant Manson has resided in Putnam County for 19 years in a house which he owns, and appellant Dancis has owned and occupied a home in Putnam County for 10 years. Each has voted in that county for at least 4 years last past. Appellant Hollander has owned and occupied a home in Putnam County for about 2½ years and voted from that residence in 1955. All have been active in the affairs of their local communities, and it is not contended that any of these appellants has registered anywhere but in Putnam County, or has attempted to vote elsewhere since his name has appeared on the registry list of the district in which he has lived in that county. Appellant Kupatt, in answer to a questionnaire issued by the Attorney-General, stated in January, 1956, that he

considered his residence in New York City his principal and permanent residence. Thereafter he has stated that he attempted to correct that statement and has testified in effect that he has selected his Putnam County residence as his domicile. Appellant Hollander, who made an equivocal answer to the same question contained in a similar questionnaire, has since testified that he intended at that time and presently intends that his Putnam County residence shall be considered his domicile. Appellant Manson gave similar testimony on the hearing that resulted in the order appealed from. Appellants Dancis and Tave, in answer to similar questionnaires, stated that they considered their Putnam County residences their permanent homes, and have so testified in this proceeding. The learned Official Referee who made the order appealed from disbelieved appellants' testimony, and ordered their names struck from the register, on the basis of answers previously made to the questionnaires as to residence and in some cases because appellants have children attending the New York City public schools, and are not paying tuition to the board of education or the board of higher education of the City of New York therefor. In our opinion, the determination appealed from is contrary to the weight of the evidence. Appellants had the right to select their own domicile and to elect between their residences in New York City and Putnam County, and to make a domicile of either. (*Matter of Newcomb*, 192 N. Y. 238.) They have testified that they have elected to make Putnam County their domicile. The fact that they have purchased houses in that county, and their activities in connection with their residence there, including their choice of that county as a voting residence, lend substantial support to their testimony as to their choice of domicile. Previous contradictory statements and activities connected with their residences in New York City may seem inconsistent with appellants' presently expressed intent to make their Putnam County residences their permanent homes. However, an order should not be made striking a name from the registry of voters if the determination to do so rests on uncertainty or upon inferences of a debatable character. If there is ground for differing inferences the court should not interfere but should leave the voter to swear in his vote at his peril, taking upon himself the risk of his persistence. (*Matter of Goodman*, 146 N. Y. 284.) Insofar as the attendance of appellants' children in the public schools of New York City is concerned, it will be assumed that appellants, having declared their domicile to be in Putnam County, will be prepared to comply with any rulings or meet any terms with respect to their children's attendance or tuition which may be properly made or imposed by the educational authorities of that city pursuant to the provisions of section 3202 or 6202 of the Education Law. Appeals by appellants, other than those above named, dismissed, without costs. The order appealed from was entered against them on their default. (See Civ. Prac. Act, § 557.) These appellants, however, are not without a remedy. They may, if so advised, and if they have in good faith elected to adopt Putnam County as their domicile, proceed in accordance with the provisions of the Election Law to compel the registry of their names as voters in the districts in which they reside in that county. Nolan, P. J., Beldock, Murphy, Ughetta and Hallinan, JJ., concur. [2 Misc 2d 141.]